UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CARL A. COLLINS, | ) CASE NO. 1:08 CV 2134 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| MESTEK, INC., et al., | ) AND ORDER |
| Defendants. | ) |

On September 4, 2008, plaintiff pro se Carl A. Collins filed this *in forma pauperis* action against Mestek, Inc. and David DeBell. The complaint alleges defendants owe plaintiff $4,036.25 for reimbursement of expenses. For the reasons stated below, this action is dismissed.

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the
(continued...)

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

This action lacks an arguable basis in law. There are no facts set forth in the complaint suggesting a proper basis for this court's jurisdiction, as no federal statute is implicated by plaintiff's claim, and the amount sought does not meet the statutory minimum to invoke diversity jurisdiction. 28 U.S.C. § 1332.

Accordingly, the application to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 11/4/08*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

(...continued)
defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).